UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Patrick L. Perry Sr., | Case No. 2:23-cv-01515-GMN-EJY |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. Mehdi, Dr. Sham Loo, Dr. Futoran, Dr. Rosenbaum, Dr. Shin, Sunrise Hospital, Southern Valley Hospital, | |
| Defendants. | |

Pending before the Court are four Motions to Dismiss filed by Defendants. ECF Nos. 6, 11, 12, 14. On December 15, 2023, Plaintiff filed his Motion to Set Aside that the Court liberally construes as a response. ECF No. 22. Defendant Rosenbaum filed a response to Plaintiff's Motion to Set Aside (ECF No. 23) in which Defendants Mehdi, Southern Hills Hospital, and Sunrise Hospital joined (ECF Nos. 24, 25, 26). No replies were filed.

**I.   Background**

On September 26, 2023, Plaintiff filed a Complaint alleging medical malpractice and professional negligence against Defendants. ECF No. 1. Defendants filed Motions to Dismiss asserting Plaintiff failed to serve them properly. ECF Nos. 6, 11, 12, 14. Defendants further argue that even if Plaintiff had effected service his Complaint should be dismissed because: (1) Plaintiff failed to comply with relevant Nevada statutes:(2) the relevant Nevada statute of limitations had run; and (3) Plaintiff fails to state a claim. *Id.* In Plaintiff's Motion to Set Aside he argues that he did not receive some of Defendants' Motions, and requests an ex parte hearing "to discuss the nature of the proceeding." ECF No. 22. In Defendant Rosenbaum's response, with whom all other Defendants join, she argues Plaintiff provided insufficient authority to support his request to set aside Defendants' Motions to Dismiss. ECF No. 23.

## II. Discussion

Although no Defendant addresses whether the federal Court properly exercises jurisdiction over this matter the Court has a duty to ensure subject matter jurisdiction over the dispute before it—an issue the Court may raise at any time during the proceeding. *Cross v. Smith's Food and Drug*, Case No. 2:22-cv-01346-APG-NJK, 2022 WL 18863930, at *1 (D. Nev. Aug. 22, 2022) *citing* Fed. R. Civ. P. 12(h)(3). Further, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Subject matter jurisdiction may be established by virtue of a complaint asserting violations of federal question—that is, a matter in controversy that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Subject matter jurisdiction in federal courts may also be established through diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and the matter is between "citizens of different States." 28 U.S.C. § 1332(a). The party filing a case in federal court has the burden of establishing the court may properly exercise jurisdiction. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A review of the parties to this action demonstrates jurisdiction based on diversity fails because all Defendants are Nevada residents. ECF No. 1 at 2-3. Thus, subject matter jurisdiction over Plaintiff's Complaint can only be established if Plaintiff asserts federal question jurisdiction—a claim under the United States Constitution, federal law, or a treaty to which the U.S. is a party. 28 U.S.C. § 1331.

Plaintiff claims that this Court has federal question jurisdiction under 42 U.S.C. § 1983. ECF No. 1 at 3. This assertion, standing alone, is insufficient to establish a defendant is a state actor. "To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law." *Harris v. Mkrtchyan*, Case No. 2:19-CV-1040-JAM-JDP(PC), 2021 WL 2651999, at *1 (E.D. Cal. June 28, 2021) (citing 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harris*, 2021 WL 2651999, at *1 (internal quote marks omitted). "Plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the 'color of state law' within the meaning of § 1983." *Id.* (citing *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011)).

Here, Plaintiff asserts no facts supporting the conclusion that Sunrise Hospital or Southern Valley Hospital is a state actor. Case law recognizes that "private hospitals and physicians have consistently been dismissed from 1983 actions for failing to come within the color of state law requirement of this section." *Briley v. State of Cal.*, 564 F.2d 849, 856 (9th Cir. 1977). Sunrise Hospital is an HCA (Hospital Corporation of America) hospital. https://SunriseHospital.com (copyright 1999-2024 C-HCA.Inc) (last visited February 17, 2024). HCA is traded on the New York Stock Exchange as "HCA." https://investor.hcahealthcare.com/stock-information/default.aspx (last visited February 20, 2024). Plaintiff refers to Southern Valley Hospital, which is either Southern Hills Hospital, another HCA facility in Las Vegas (https://southernhillshospital.com/ (last visited February 20, 2024)), or Valley Hospital Medical Center, a part of Universal Health Services (https://www.valleyhospital.net/ (last visited February 20, 2024)), traded on the New York Stock Exchange as "UHS."[1] (https://ir.uhs.com/stock-information/stock-quote (last visited February 20, 2024)). These entities are not state actors. *See Brino v. JFK Med. Ctr. Ltd. P'ship*, Case No. 17-cv-81189, 2018 WL 9812065, at *3 (S.D. Fla. Apr. 12, 2018)), *aff'd*, 776 Fed.Appx. 921 (11th Cir. 2019); *Hogland v. Athens Reg'l Health Servs., Inc.*, Case No. 3:04-cv-50, 2005 WL 4145738, at *9 (M.D. Ga. Jan. 21, 2005) (quoting *Mendez v. Belton*, 739 F.2d 15, 18 (1st Cir. 1984)); *Beverly C. v. Hampstead Outlook, Inc.*, Case No. C-93-307-L, 1994 WL 421103, at *2 (D. N.H. Aug. 11, 1994); *Williams v. Richmond County, Ga.*, 804 F.Supp. 1561, 1567 (S.D. Ga. 1992) (UHS as a private hospital corporation does not exercise powers traditionally reserved exclusively to the state) (internal citation omitted). Further, even if Defendants invoked state legal procedures or received state or

---

[1] The court may take judicial notice of any document containing facts that are "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court finds a for-profit, publicly traded company listed on the New York Stock Exchange satisfies this requirement. *See also Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125, 1134-35 (3d Cir. 1972).

3

federal funding, this does not turn these private actors into state actors. *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1357 (N.D. Cal. 1997) (collecting cases).

With respect to Dr. Mehdi, Dr. Sham Loo, Dr. Futoran, Dr. Rosenbaum, and Dr. Shin, Plaintiff asserts only a conclusion; that is, Defendants, as local officials, were acting under the color of State law. ECF No. 1 at 3. Plaintiff offers no facts to support this conclusion. *Id.*, *generally*.

Plaintiff fails to allege, and the Court, even applying a liberal eye to the Complaint, found no basis upon which this Court may exercise federal question jurisdiction over the dispute asserted. Neither diversity nor federal question jurisdiction is applicable to Plaintiff's claims.

### III.    Recommendation

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motions to Dismiss (ECF No. ECF Nos. 6, 11, 12, 14) be DENIED without prejudice to allow Plaintiff to proceed in state court if he chooses to do so.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Set Aside (ECF No. 22) be DENIED as moot.

Dated this 20th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).