# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICK L. PERRY, SR., )
)
           Plaintiff, ) Case No.: 2:23-cv-01515-GMN-EJY
vs. )
) **ORDER**
DOCTOR FUTORAN, *et al.*, )
)
           Defendants. )
)
)

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 32), of United States Magistrate Judge Elayna J. Youchah, which recommends dismissing Plaintiff Patrick L. Perry's Complaint, (ECF No. 1), without prejudice and allowing him to refile this action in state court because this Court lacks subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332(a). Defendants Dr. Raja Mehdi, Dr. Amy Rosenbaum, Sunrise Hospital, and Southern Valley Hospital filed an Objection, (ECF No. 22).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States*

1  *v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Defendants' Objection does not argue that the Magistrate Judge erred in her determination that this Court lacks subject matter jurisdiction. (*See generally* Obj.).  Instead, Defendants contend that it would be more efficient for the Court to issue a merit ruling on Defendants pending Motions to Dismiss, (ECF Nos. 6, 11, 12, 14), despite it lacking subject matter jurisdiction because Plaintiff will "likely . . . allow this case to sit in federal court if the motions are denied. (Obj. 3:7–9).  The issue with Defendants' argument is that the Court cannot decide the merits of Defendants' Motions if it lacks subject matter jurisdiction over the action. "Without jurisdiction the court cannot proceed at all in any case.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)).

The Court has reviewed Plaintiff's Complaint and finds that for the reasons set forth in the R&R, (2:1–4:8), there is no basis upon which this Court may exercise subject matter jurisdiction over this action.  Accordingly, the only function remaining to the Court is to dismiss this action without prejudice and permit Plaintiff to refile this case in the appropriate venue.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 32), is **ACCEPTED and ADOPTED** in full.  **IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice**.  Plaintiff is advised he may file

---

[1] To the extent Defendants contend the Court's dismissal should be with prejudice, the Court disagrees. "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  "However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper." *Anorou v. McDonald*, No. 2:16-cv-441, 2016 711599, at *2 (D. Nev. Dec. 5, 2016) (citing *Frigard*, 862 F.2d at 204).  Here, Plaintiff's claims arise under Nevada law, and can be properly brought in state court, rendering the jurisdictional defect curable.  Therefore, the Court's dismissal must be without prejudice.

1  this action in state court if he so chooses.

2      **IT IS FURTHER ORDERED** that Defendants' Objection, (ECF No. 33), is
3  **OVERRULED**.

4      **IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 6, 11,
5  12, 14), and Plaintiff's Motion to Set Aside Defendants' Request for Dismissal, (ECF No. 22),
6  are **DENIED without prejudice**.

7      **IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close the case.

8  Dated this __6__ day of March, 2024.

                                    _____
                                    Gloria M. Navarro, District Judge
                                    United States District Court